UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO LAMAR CARROLL, CDCR #BK-9830,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>SAN DIEGO COUNTY JAIL SHERIFF, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:19-cv-02073-AJB-NLS<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

　　　　Plaintiff Abonilico Lamar Carroll, a former pretrial detainee at the San Diego County Central Jail ("SDCCJ") in San Diego, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 nearly a year ago on October 28, 2019. *See* ECF No. 1 ("Compl."). His Complaint sought to enjoin Defendants from conducting "illegal searches" on persons who have not yet been convicted, and $17 million in general and punitive damages based on an allegedly unlawful strip search conducted at the SDCCJ on September 19, 2019. *Id.* at 1-2, 4-6, 8.

/ / /

/ / /

## I. Procedural Background

Because Plaintiff's initial Motion to Proceed In Forma Pauperis ("IFP") lacked the trust account certification required by 28 U.S.C. § 1915(b)(1), the Court denied it, but granted him leave to fix that deficiency. *See* ECF No. 3. On December 26, 2019, the Court's Order was returned as undeliverable, presumedly due to Plaintiff's interim conviction and transfer from local custody to state prison. *See* ECF No. 4. Plaintiff later filed a notice of change of address, followed by a Prisoner Trust Fund Account Statement issued by North Kern State Prison ("NKSP") officials. *See* ECF Nos. 5, 6.

Liberally construing Plaintiff's trust account statements as an indication that he still wished to prosecute the case, on July 28, 2019, the Court granted Plaintiff leave to proceed IFP, but simultaneously dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). *See* ECF No. 7. The Court's July 28, 2020 Order explained Plaintiff's pleading deficiencies however, and he was granted an another chance to file an Amended Complaint that fixed them. *Id.* at 6–14; *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[A] district court should grant [a pro se litigant subject to § 1915(e)(2) screening] leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (citation omitted). Plaintiff was also warned, however, that his failure to amend could result in the dismissal of his case. *See* ECF No. 7 at 15 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Plaintiff's Amended Complaint was due on or before September 11, 2020. Another month has nearly elapsed since that time; but to date, Plaintiff has failed to amend, and has not requested an extension of time in which to do so.[1] "The failure of the plaintiff

---

[1] Unlike the Court's December 9, 2019 Order, its July 28, 2020 screening Order was served on Plaintiff by the Clerk via U.S. Mail at the NKSP address he provided in January 2019.

eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Therefore, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute as required by Court's July 28, 2020 Order requiring amendment.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  October 7, 2020

Hon. Anthony J. Battaglia
United States District Judge

---

*See* ECF Nos. 5, 7. That Order was not returned undelivered. *See Freddie Fernandez v. United States,* No. LA CV 10-05681-VBF Doc. 45 at 3-4, 2015 WL 11216743, *2 (C.D. Cal. Feb. 24, 2015) ("It is a venerable principle of federal common law that 'the mailing of' an item 'creates an inference—raises a presumption—that the party to whom it was addressed received it in due course of mail, ....'" (quoting *Schutz v. Jordan*, 141 U.S. 213, 220 (1891)); *see also Dandino, Inc. v. USDOT*, 729 F.3d 917, 921 (9th Cir. 2013) ("Generally, 'under the common law Mailbox Rule, proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee.' ") (quoting *Mahon v. Credit Bureau of Placer Cty., Inc.*, 171 F.3d 1197, 1202 (9th Cir. 1999)). The Court has also confirmed Plaintiff remains incarcerated at NKSP. *See* https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=BK9830 (last visited Oct. 7, 2020).