UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO LAMAR CARROLL, CDCR #BK-9830,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY JAIL SHERIFF, et al.,<br><br>Defendants. | Case No.: 3:19-cv-02073-AJB-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S LETTER / MOTION FOR RECONSIDERATION AND VACATING JUDGMENT PURSUANT TO Fed R. Civ. P. 59(e)**<br><br>**[ECF No. 11]**<br><br>**AND**<br><br>**(2) GRANTING REQUEST FOR EXTENSION OF TIME TO AMEND** |

While he was a pretrial detainee held in the custody of the San Diego Central Jail ("SDCJ"), Plaintiff Abonilico Lamar Carroll, now incarcerated at North Kern State Prison ("NKSP"), filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). His Complaint sought to enjoin Defendants from conducting "illegal searches" on persons who have not yet been convicted, and $17 million in general and

punitive damages based on an allegedly unlawful strip search conducted at the SDCJ on September 19, 2019. *Id.* at 1-2, 4-6, 8.

## I.   Procedural Background

On July 28, 2020, the Court granted Plaintiff leave to proceed in forma pauperis, but simultaneously screened and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). *See* ECF No. 7. The Court granted Plaintiff 45 days leave in which to file an Amended Complaint that cured his pleading deficiencies. *See id.* at 14–15. Plaintiff never filed an Amended Complaint. Therefore, on October 8, 2020, more than three weeks after his Amended Complaint was due, the Court dismissed the case in its entirety based on Plaintiff's failure to state a claim and his failure to prosecute in compliance with the Court's July 28, 2020 Order. *See* ECF No. 8. The Clerk entered judgment accordingly. *See* ECF No. 9.

Approximately two weeks later, on October 21, 2020, Plaintiff submitted a letter addressed to the Court and requesting a 30-day extension of time in which to file his Amended Complaint. *See* ECF No. 11. In light of his pro se status, the Court construes this letter as an application or Motion for Reconsideration pursuant to S. D. Cal. CivLR 7.1(i), and/or Fed. R. Civ. P. 59(e). *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."). In his Letter/Motion, Plaintiff claims he has been "hindered from being able to file the claim in a timely manner because of CoVID-19 and the modified movement at []his prison." *Id.* Plaintiff also states that he is "illiterate to law [and] a layperson." *Id.*

## II.   Plaintiff's Letter / Motion for Reconsideration / Extension of Time

S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge . . . has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). However, the party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such

prior application." *Id.* Local Rule 7.1(i)(2) permits motions for re consideration within "twenty-eight (28) days of the entry of the ruling, order or judgment sought to be reconsidered."

     Moreover, where the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may also be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.,* 248 F.3d 892, 898–99 (9th Cir. 2001).

     Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* at 1255. Further, "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

     "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling

law." *Allstate Ins. Co.*, 634 F.3d at 1111. However, because "the rule offers an extraordinary remedy, [it should] be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and internal quotation marks omitted).

Here, Plaintiff's letter requesting relief from the Court's October 8, 2020 Order and judgment is timely considered under both Local Rules 7.1(i) and Rule 59(e) because it was submitted less than two weeks after the entry of judgment. *See* S.D. Cal. CivLR 7.1(i)(2); Fed. R. Civ. P. 59(e). It is clear from his letter, however, that Plaintiff seeks another opportunity to amend his complaint, rather than a true reconsideration of the Court's October 8, 2020 Order dismissing his Complaint for failure to state a claim. But "once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." *Henry v. Adventist Health Castle Med. Ctr.,* 970 F.3d 1126, 1133 (9th Cir. 2020) (citation omitted).

Plaintiff claims he was unable to timely amend "because of CoVID-19 and the modified movement at [his] prison." *See* ECF No. 11 at 1. Ordinarily, a plaintiff may not use a Rule 59(e) motion to present argument or make claims that could have been presented earlier. *See Kona Enterprises, Inc.*, 229 F.3d at 890. Indeed, if conditions at NKSP due to the CoVID-19 pandemic were thwarting his ability to amend his pleading on time, Plaintiff should have requested an extension of time *before* the Court entered a final judgment of dismissal. Nevertheless "'[s]trict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of his disciplinary segregation). Indeed, Federal Rule of Civil Procedure 15(a) provides that leave to amend be freely given whenever justice so requires, and "a district court should

4

grant [a pro se litigant subject to § 1915(e)(2) screening] leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation omitted).

Thus, taking Plaintiff at his word, the Court finds the modified programming restrictions in place at NKSP due to the CoVID-19 global pandemic, which allegedly hindered his ability to timely submit either an amended complaint or a request for extension of time prior to the entry of judgment in this case, present circumstances sufficient to justify reconsideration and to vacate its October 8, 2020 judgment in order to permit Plaintiff an opportunity to amend.[1] *See e.g., Benge v. Ryan*, No. CV1802544 PHX MTL CDB, 2020 WL 601667, at *2 (D. Ariz. Feb. 7, 2020) (vacating judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b), and granting homeless pro se plaintiff leave to amend based on claims he was unable to timely comply with court's screening order requiring amendment based on his release from prison and inability to access medications), *appeal dismissed*, No. 20-15334, 2020 WL 5049169 (9th Cir. July 22, 2020).

### III.     Conclusion and Order

Accordingly, the Court **VACATES** its October 8, 2020 Judgment [ECF No. 9] and **GRANTS** Plaintiff's Letter / Motion for Reconsideration [ECF No. 11]. The Court **GRANTS** Plaintiff leave to file an Amended Complaint that addresses *all* the deficiencies of pleading previously identified in the Court's July 28, 2020 Order no later than **December 11, 2020**. Plaintiff's Amended Complaint and must be complete by itself

---

[1] The Court takes judicial notice of the CDCR's website which confirms "modified movement" restrictions, *see* ECF No. 11 at 1, have been implemented in response to the CoVID-19 pandemic. *See* https://www.cdcr.ca.gov/covid19/covid-19-response-efforts/#VCMP (last visited Nov. 6, 2020). Nevertheless, guidelines still provide prisoners like Plaintiff access to law library services. *See id.* ("During modified programming, legal library services will be available via the 'paging' system, in which forms, copies, etc. are requested by inmates with Priority Legal User status and delivered to housing units via institutional mail."); *George v. Diaz*, No. 20-CV-03244-SI, 2020 WL 5073996, at *2 (N.D. Cal. Aug. 24, 2020) (taking judicial notice of materials on the CDCR's website "that reflect that the CDCR has prepared plans to address the spread of Covid-19 in the California prison system.").

without reference to original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint on or before **December 11, 2020**, the Court will re-enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."). *Plaintiff should assume no further extensions of time will be granted.*[2]

**IT IS SO ORDERED.**

Dated:  November 6, 2020

　　　　　　　　　　　　　　　　　　　*(signature)*
Hon. Anthony J. Battaglia
United States District Judge

---

[2] Even acknowledging the CoVID-19 restrictions which have limited Plaintiff's access to NKSP's law library, those limitations, without more, will hereafter be considered insufficient to justify another extension. *See, e.g., Rosenblum v. Ellis*, No. 1:05-CV-01473-LJO-GSA-PC, 2010, WL 2471148, at *2 (E.D. Cal. June 10, 2010) (advising pro se prisoner that the "lack of access to the law library is not sufficient grounds for a motion for extension of time in which to file an amended complaint."); *id.* (noting that an "amended complaint does not require legal analysis. Plaintiff must simply allege facts that entitle him to relief, and state the legal cause of action for each claim.").